UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEOTHES MILLER,

                    Petitioner,                    Case No.14-10862
                                                   Hon. Denise Page Hood

v.

SHERRY BURT,

                    Respondent.
_____/


**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS,  (2) DENYING A CERTIFICATE OF
APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN
FORMA PAUPERIS ON APPEAL**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254. Petitioner was convicted after a bench trial in the Wayne Circuit Court of

felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, possession of a

firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, and

domestic violence.  MICH. COMP. LAWS § 750.81(2). As a result, Petitioner was

sentenced to one-to-five years for the possession charge, a consecutive five-year term

for the felony-firearm charge, and a one year probationary term for the domestic

violence charge. The petition raises two claims: (1) insufficient evidence was

presented to sustain Petitioner's firearm convictions, and (2) the prosecution did not

establish a nexus between the firearms and Petitioner. The petition will be denied

because Petitioner's claims are without merit. The Court will also deny Petitioner a certificate of appealability and deny him permission to proceed on appeal in forma pauperis.

## I. Background

Petitioner's convictions result from a domestic violence call in Detroit. Detroit Police Officers Ned Gray and Mario White testified at Petitioner's bench trial that they responded to a call at a residential address in Detroit. When they arrived the officers met Petitioner's girlfriend, Sisbohn Danielle Cotton Allen. Allen's lip was "busted," and she was crying. She said that she had an argument with Petitioner, and he hit her with a closed fist.

After Allen spoke with the officers, Petitioner came downstairs from the second floor, and the officers arrested him. When Officer White handcuffed him, Petitioner asked Officer Gray to go upstairs and retrieve his coat. Petitioner did not specify where they would be.

When Officer Gray went upstairs, he found only one bedroom. Lying on the bed officer Gray saw an open duffle bag on top of a man's coat. When he lifted the bag, he saw two guns, men's socks, and men's underwear inside. Officer Gray brought the coat and bag downstairs and asked defendant if the duffle bag was his. Petitioner replied in the affirmative.

The parties stipulated that defendant was previously convicted of a felony and was not eligible to carry a firearm.

Petitioner called Allen to testify in his defense. She testified that both officers, not just Officer Gray, went upstairs to her bedroom and they left her alone with Petitioner downstairs. Allen said that, after the police left, she discovered her bedroom was ransacked. Allen also testified that she was seeing another man romantically when she was dating Petitioner. His first name was Jonathan, but she did not know his last name. Allen claimed that the duffle bag that the police recovered belonged to Jonathan and it had been hidden under her bed, not on top of it. She also claimed that Jonathan never contacted her to retrieve the duffle bag or guns.

The prosecutor called Officer Gray in rebuttal. Officer Gray testified that he went upstairs to the bedroom alone. Officer White stayed with Petitioner. According to police protocol, they could not leave a domestic violence suspect alone with a victim. When he was upstairs, Officer Gray did nothing but retrieve the items on the bed. He did not open drawers, move other items, or look under the mattress.

In rendering its verdict, the trial court found that Officer Gray was credible and Allen was not. It then found Petitioner guilty on all counts. He was sentenced as indicated above.

Following his conviction and sentence, Petitioner filed a claim of appeal in the

Michigan Court of Appeals, raising the following claims:

> I. Petitioner was wrongfully convicted of the crimes of felon in possession of a firearm and felony firearm, second offense, because the People failed to introduce evidence sufficient to prove the gun possession charges beyond a reasonable doubt and therefore Petitioner was convicted based upon insufficiency of the evidence.

> II. Petitioner was wrongfully convicted of the crimes of possession of a firearm by a felon and felony firearm, second offense, because a nexus was never proven between Petitioner and the weapons introduced at trial, sufficient to prove physical or constructive possession of the firearms by Petitioner.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Miller*, No. 309324 (Mich. Ct. App. June 11, 2013).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, where he raised the same claims that he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Miller*, 839 N.W.2d 215 (Mich. 2013) (table).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

4

with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the
state court arrives at a conclusion opposite to that reached by the Supreme Court on
a question of law or if the state court decides a case differently than the Supreme
Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S.
362, 405-06 (2000). An "unreasonable application" occurs when "a state court
decision unreasonably applies the law of [the Supreme Court] to the facts of a
prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply
because that court concludes in its independent judgment that the relevant state-court
decision applied clearly established federal law erroneously or incorrectly." *Id.* at
410-11.

The Supreme Court has explained that "[A] federal court's collateral review of
a state-court decision must be consistent with the respect due state courts in our
federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus

5

imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*.

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded

jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford*, 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

## III. Discussion

Both of Petitioner's claims essentially raise a single challenge to the sufficiency of the evidence presented at trial to show that Petitioner possessed the firearms found in the bag.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after

viewing the evidence  in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*.

The Michigan Court of Appeals, after explaining the standard of review discussed above, rejected Petitioner's claim as follows:

> At trial, Officer Gray testified that he observed the firearms inside an open duffle bag that was sitting on top of defendant's coat. According to

8

Officer Gray, defendant admitted that the duffle bag belonged to him. The trial court expressly found that Officer Gray's testimony was credible. Viewed in a light most favorable to the prosecution, Officer Gray's testimony was sufficient to establish defendant's constructive possession of the firearms beyond a reasonable doubt. Although defendant argues on appeal that Officer Gray's testimony was not credible, this Court does not interfere in the trier of fact's assessment of the credibility of the witnesses. *People v. Unger*, 278 Mich. App. 210, 222 (2008); *People v. Vaughn*, 186 Mich. App. 376, 380 (1990).

*People v. Miller*, 2013 Mich. App. LEXIS 1015, *1-4.

This analysis was a reasonable one in light of clearly established federal law. The prosecution theory was that Petitioner had constructive possession of the firearms. Pursuant to Michigan law, "[a] person has 'possession' of a weapon when it is 'accessible and available . . . at the time [the crime is committed].'" *People v. Williams*, 198 Mich. App. 537, 541 (Mich. Ct. App. 1993) (quotation omitted) (second alteration in original). Actual possession of the firearm at the time of arrest is not required and access to the weapon is not to be determined solely by reference to the arrest. *Id*. The evidence presented at trial allowed the trier of fact to draw the inference beyond a reasonable doubt that the bag containing the firearms belonged to Petitioner and was in his constructive possession because it was lying on top of his coat. Furthermore, Officer Gray testified that Petitioner admitted that the bag belonged to him. This testimony alone, if believed, supported the finding that the guns in the bag also belonged to Petitioner.

9

Petitioner asserts that the testimony of the officer who discovered the bag was not credible, however, because it was contradicted by his girlfriend's testimony. But the trial court found that the officer's testimony was more credible than the defense witness. The assessment of witness credibility is beyond the scope of federal habeas review. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000) (citing *Schlup v. Delo*, 513 U.S. 298, 330 (1995)). Accordingly, because the state court adjudication of Petitioner's claims did not result in an unreasonable application of clearly established federal law, the petition will be denied.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not debate this Court's resolution of Petitioner's claims, and will therefore deny a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal of this decision would be frivolous.

10

2:14-cv-10862-DPH-MAR   Doc # 11   Filed 12/31/14   Pg 11 of 11   Pg ID 389

V. Conclusion

Accordingly, the Court **DENIES and DISMISSES WITH PREJUDICE** the

petition for a writ of habeas corpus.

The Court further **DENIES** a certificate of appealability, and **DENIES**

permission to proceed on appeal in forma pauperis.

**SO ORDERED.**


                                        _/s/ Denise Page Hood_
                                        Honorable Denise Page Hood
                                        United States District Judge


Dated: December 31, 2014